UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RANDY MATTHEW CORDERO, | Case No. 5:21-00444 JAK (ADS) |
|---|---|
| Petitioner, | |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Respondent. | |

I. **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Randy Matthew Cordero ("Petitioner"), a California state prisoner. [Dkt. No. 1]. Petitioner asserts the following three grounds for relief related to his imprisonment at RJ Donovan Correctional Facility: (1) abuse by prison officials because of a mental illness; (2) retaliation and assault by five identified correctional officers; and (3) interference with his access to the courts by prison officials by failing to provide him with his inmate trust account statement. [Id., pp. 17-21]. On

April 1, 2021, the Court issued an Order Regarding Screening of Petition ("Screening Order"), informing Petitioner that the Petition is subject to dismissal for failure to state a cognizable claim for habeas relief and that, when considering the Petition as a civil rights complaint, venue lies in the Southern District of California. [Dkt. No. 4]. The Court gave Petitioner the options to (1) convert the Petition to a civil rights complaint; (2) proceed on the Petition; or (3) request a voluntary dismissal of the action without prejudice. [Id., pp. 3-4]. The Screening Order also noted that it was nondispositive but that Petitioner could file objections with the district judge if he believed the Order erroneously disposed of any of his claims or precludes any relief sought. [Id., p. 5 n.1]. Petitioner did not file a response to the Screening Order.

For the reasons stated below, the Court dismisses the Petition.

## II. SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III. THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR HABEAS RELIEF

The claims within the Petition are not cognizable for federal habeas relief. Under 28 U.S.C. § 2254, a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of a prisoner's

confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (internal citation omitted).  A civil rights action is the proper method to challenge conditions of confinement.  Id.; 42 U.S.C. § 1983.  When success of a petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and the claim must be brought under 42 U.S.C. § 1983.  Nettles, 830 F.3d at 935.  "A habeas court has the power to release a prisoner, but has no other power."  Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).

Petitioner's claims solely challenge the conditions of his confinement in that the allegations relate to specific conditions at RJ Donovan Correctional Facility.  The Petition itself indicates it concerns "prison discipline" and "conditions of confinement." [Dkt. No. 1, pp. 2, 16].  Petitioner does not assert that he is in custody in violation of the U.S. Constitution, federal laws, or treaties, nor does he challenge the legality or duration of his confinement.  Moreover, Petitioner's claims would not necessarily lead to Petitioner's immediate or earlier release from confinement.  Therefore, the Petition fails to state a cognizable claim for habeas relief.  Petitioner's claims may be properly raised in a Section 1983 action.  See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

**IV.** **CONVERSION TO A CIVIL RIGHTS COMPLAINT**

The Court may only convert the Petition to a civil rights complaint under 42 U.S.C. § 1983 after obtaining Petitioner's consent.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) ("[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed

3

consent from the prisoner."). However, despite being notified of this fact in the Screening Order, Petitioner did not provide his consent nor otherwise respond. Since the Petition does not state a cognizable habeas claim, dismissal of this action is appropriate.

## V. CERTIFICATE OF APPEALABILITY

The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## VI. CONCLUSION

IT IS THEREFORE ORDERED that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Dated: May 21, 2021

_____
JOHN A. KRONSTADT
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge